UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL E. MEGGINSON,

Plaintiff,

v.

THE STATE OF NEW YORK, *et al.*,

Defendants.

No. 19-CV-7583 (KMK)

ORDER OF SERVICE

KENNETH M. KARAS, United States District Judge:

Michael E. Megginson ("Plaintiff"), currently incarcerated at Sing Sing Correctional

Facility, brings this pro se Action under 42 U.S.C § 1983, alleging that Defendants physically

assaulted him. On August 22, 2019, the Court granted Plaintiff's request to proceed in forma

pauperis ("IFP").

## STANDARD OF REVIEW

The Prison Litigation Reform Act ("PLRA") requires that federal courts screen

complaints brought by prisoners who seek relief against a governmental entity or an officer or

employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a

prisoner's IFP complaint, or any portion thereof, that is frivolous or malicious, fails to state a

claim upon which relief may be granted, or seeks monetary relief from a defendant who is

immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d

636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject

matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the court is obliged to

construe pro se pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (citation and quotation marks omitted). But the "special solicitude" in pro se cases, *id.* at 475 (citation omitted), has its limits — to state a claim, pro se pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible — not merely possible — that the pleader is entitled to relief.

## DISCUSSION

### A. Eleventh Amendment

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id.* New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Plaintiff's § 1983 claims against the State of New York and DOCCS are therefore barred by the Eleventh Amendment and are dismissed with prejudice.

**B.     Service on Sergeant Soto and Correction Officer J. Lewis**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the

Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d 119, 123 n.6

(2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all

process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to

serve if the plaintiff is authorized to proceed IFP)).  Although Rule 4(m) of the Federal Rules of

Civil Procedure generally requires that the summons and complaint be served within 90 days of

the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the

summons and complaint until the Court reviewed the complaint and ordered that a summons be

issued.  The Court therefore extends the time to serve until 90 days after the date the summons is

issued.  If the complaint is not served within that time, Plaintiff should request an extension of

time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the

plaintiff's responsibility to request an extension of time for service).

To allow Plaintiff to effect service on Defendants Soto and Lewis through the U.S.

Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process

Receipt and Return form ("USM-285 form") for each of these Defendants.  The Clerk of Court is

further instructed to issue summonses and deliver to the Marshals Service all the paperwork

necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may

dismiss the action if Plaintiff fails to do so.

**C.     John Doe Defendants**

Pro se litigants are entitled to assistance from the district court in identifying a defendant.

*Valentin v. Dinkins*, 121 F.3d 72, 76 (2d Cir. 1997).  In the Complaint, Plaintiff supplies sufficient

information to permit the New York State Attorney General to identify the seven John Doe

Defendants Plaintiff alleges assaulted him. It is therefore ordered that the Attorney General, who is the attorney for and agent of DOCCS, shall ascertain the identities of the John Doe Defendants whom Plaintiff seeks to sue here and the addresses where these Defendants may be served. The Attorney General shall provide this information to Plaintiff and to the Court within 60 days of the date of this Order.

Within 30 days of receiving the above-described information from DOCCS, Plaintiff must file an amended complaint naming the John Doe Defendants. The amended complaint will replace, not supplement, the current Complaint.

Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order directing the Clerk of Court to complete the USM-285 forms with the addresses for the named John Doe Defendants and deliver all documents necessary to effect service to the U.S. Marshals Service.

**D.     Local Civil Local Rule 33.2**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents."[1] Within 120 days of the date of this Order, Defendants must serve responses to these standard discovery requests. In their responses, Defendants must quote each request verbatim.

---

[1] Plaintiff may access these requests from the website or request them from the Pro Se Intake Unit.

4

## CONCLUSION

The Clerk of Court is directed to mail a copy of this Order to Plaintiff, together with an information package.

The Clerk of Court is directed to mail a copy of this Order and the Complaint to the Attorney General at: 28 Liberty Street, New York, NY 10005.

The Clerk of Court is instructed to complete the USM-285 forms with the addresses for Defendants Soto and Lewis and deliver all documents necessary to effect service on these Defendants to the U.S. Marshals Service.

The Court dismisses Plaintiff's claims against New York State and DOCCS. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

Local Civil Rule 33.2 applies to this action.

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:  September  4  , 2019
        New York, New York

KENNETH M. KARAS
United States District Judge

5

## DEFENDANTS AND SERVICE ADDRESSES

1. Sergeant Soto
   Sing Sing Correctional Facility
   354 Hunter Street
   Ossining, NY 10562-5442

2. Officer J. Lewis
   Sing Sing Correctional Facility
   354 Hunter Street
   Ossining, NY 10562-5442