UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL MEGGINSON,

                          Plaintiff,

    v.

SERGEANT SOTO, *et al.*

                         Defendants.

No. 19-CV-7583 (KMK)

ORDER OF DISMISSAL

KENNETH M. KARAS, District Judge:

    On February 12, 2021, Plaintiff wrote a letter to the Court stating that "my maxout [sic] date is 4-3-21 and right [now] [I] don't [have] an address to give for the record but [I] have a phone number instead to my power of attorney Shakima White. The phone number is 347-259-9227. She can provide the [C]ourt of my whereabouts and give me any information [r]egarding Court." (Dkt. No. 29.)[1] On October 25, 2021, Defendants filed a letter notifying the Court that Plaintiff failed to appear for a deposition on October 15, 2021. (Dkt. No. 34.) Defendants also noted that Plaintiff failed to update his address on the docket, but that the deposition was noticed by mail to the address that Plaintiff provided in his February letter. (Dkt. Nos. 34, 34-1.) On November 22, 2021, Defendants notified the Court that Plaintiff failed to appear for a rescheduled deposition on November 17, 2021. (Dkt. No. 42.) Defendants noted that "the number [Plaintiff] provided was out of service, and the letters and notices sent to his address of record were returned to sender with a note that reads Plaintiff 'does not live here.'" (*Id.*; *see also* Dkt. No. 42-1.)

---

    [1] Plaintiff wrote the letter on February 12, 2021, but it was not docketed until February 19, 2021. (*See id.*)

On November 23, 2021, the Court issued an Order directing Plaintiff to show cause, by no later than 30 days from the date of the Order, as to why this case should not be dismissed for failure to prosecute. (Order to Show Cause (Dkt. No. 43).) A copy of the Order was sent to Plaintiff. (*See* Dkt. No. 44.) To date, Plaintiff has not responded to the Order to Show Cause or otherwise communicated with the Court. Accordingly, the Court dismisses the Action for failure to prosecute.

This Court has the authority to dismiss a case for failure to prosecute. *See* Fed. R. Civ. P. 41(b). Rule 41(b) of the Federal Rules of Civil Procedure provides that a case may be involuntarily dismissed if a plaintiff "fails to prosecute or to comply with these rules or a court order." Although Rule 41(b) expressly addresses a situation in which a defendant moves to dismiss for failure to prosecute, it has long been recognized that a district court has the inherent authority to dismiss for failure to prosecute sua sponte. *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)).

While dismissal under Rule 41(b) is subject to the sound discretion of the district courts, *see U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250–51 (2d Cir. 2004), the Second Circuit has stated that a Rule 41(b) dismissal is a "harsh remedy to be utilized only in extreme situations," *LeSane*, 239 F.3d at 209 (internal quotation mark omitted) (quoting *Theilmann v. Rutland Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir. 1972)). However, it has also stated that the authority to invoke dismissal for failure to prosecute is "vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982).
Before exercising its discretionary authority to dismiss for failure to prosecute, a district court should consider the following factors:

2

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

*Hardimon v. Westchester County*, No. 13-CV-1249, 2014 WL 2039116, at *1 (S.D.N.Y. May 16, 2014) (alterations in original) (quoting *LeSane*, 239 F.3d at 209).  No single factor is dispositive. *See LeSane*, 239 F.3d at 210; *Hardimon*, 2014 WL 2039116, at *1.

The Court concludes that these factors weigh in favor of dismissal of this Action. Plaintiff was advised of his obligation to promptly submit a written notification to the Court in the event that his address changed, and that failure to do so may result in dismissal of the case. (*See* Dkt. No. 43 ("The Court will dismiss this case without further notice in the event that good cause is not shown.").)  The Court's Order to Show Cause, mailed to Plaintiff on December 21, 2021, indicated that Plaintiff's failure to show cause within 30 days would result in the Court dismissing the case with prejudice without further notice. (Dkt. Nos. 43, 44.)  Nonetheless, Plaintiff has not communicated with the Court regarding this Action since February 12, 2021. (*See* Dkt. No. 29.)

Accordingly, Plaintiff's case is dismissed without prejudice for failure to prosecute.  *See, e.g.*, *Mena v. City of New York*, No. 15-CV-3707, 2017 WL 6398728, at *2 (S.D.N.Y. Dec. 14,2017) (noting that "a pro se plaintiff is not exempt from complying with court orders and must diligently prosecute his case"); *Capogrosso v. Troyetsky*, No. 14-CV-381, 2015 WL 4393330, at *5 (S.D.N.Y. July 17, 2015) (finding the fact that the plaintiff "has not responded to efforts to contact her" weighs in favor of dismissal for failure to prosecute); *Savatxath v. City of Binghamton*, No. 12-CV-1492, 2013 WL 4805767, at *1 (N.D.N.Y. Sept. 9, 2013) (dismissing case for failure to prosecute after the plaintiff "neglected to comply with an order . . . requiring

3

him to notify the court . . . as to why th[e] action should not be dismissed for failure to prosecute"); *Smalls v. Bank of N.Y.*, Nos. 05-CV-8474, 07-CV-8546, 2008 WL 1883998, at *4 (S.D.N.Y. Apr. 29, 2008) (dismissing case for failure to prosecute where the court received no communication from the plaintiffs for nearly two months); *Robinson v. United States*, No. 03-CV-1001, 2005 WL 2234051, at *2 (S.D.N.Y. Sept. 8, 2005) ("Only the Plaintiff can be responsible for notifying the court and the Defendant of his updated address, and Plaintiff's failure to do so has made it impossible to provide him any notice.").

    The Clerk of Court is directed to mail a copy of this Order to Plaintiff.

SO ORDERED.

DATED:    March 7, 2022
              White Plains, New York

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE